UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMIN BRAVO,

                          Plaintiff,

            -against-                                           24-CV-7456 (LTS)

SANDEEP GROVER; GOURAV ARORA;                    TRANSFER ORDER
ANAMIKA GROVER,

                          Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action invoking the court's diversity of citizenship jurisdiction
and asserting claims of fraud. Named as Defendants are Sandeep Grover, Gaurav Arora, and
Anamika Grover. For the following reasons, this action is transferred to the United States District
Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is
domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district
where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28
U.S.C. § 1391(c)(1), (2).

Plaintiff provides a Seaford, New York address for each of the defendants.[1] Seaford is located in Nassau County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Although Plaintiff alleges that the events giving rise to his claims occurred in "New York," he does not specify the city, town, or county in which the events occurred. (*See* ECF 1, at 5.) Even if the Court assumes that substantial events occurred in this District and that venue is proper here under Section 1391(b)(2),[2] because all Defendants reside in Nassau County, venue is also proper in the Eastern District under Section 1391(b)(1).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

---

[1] Two of the defendants – Sandeep Grover and Anamika Grover – are married, and Plaintiff describes the other defendant – Gaurav Arora – as their "assistant." (ECF 1, at 6.)

[2] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

Under Section 1404(a), transfer appears to be appropriate in this case. Although it is unclear where in the State of New York the underlying events occurred, all Defendants reside in the Eastern District of New York. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees and whether Plaintiff should be granted *pro bono* counsel are determinations to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court. The Clerk of Court is directed to terminate all pending motions.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 4, 2024
       New York, New York

                        /s/ Laura Taylor Swain
                         LAURA TAYLOR SWAIN
                       Chief United States District Judge